UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLOS HARRIS, #297127,

    Plaintiff,

Case Number: 2:08-CV-14651
Honorable Arthur J. Tarnow
Magistrate Judge Paul J. Komives

v.

PEOPLE OF THE STATE
OF MICHIGAN,

    Defendants.
_____/

**OPINION & ORDER OF DISMISSAL AND DENYING MOTIONS
FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION & ALTERNATIVE SERVICE**

Plaintiff, Karlos Latwian Harris, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is currently incarcerated at West Shoreline Correctional Facility in Muskegon Heights, Michigan pursuant to his conviction of multiple counts of breaking and entering into a building with intent, Mich. Comp. Laws. §750.110. Plaintiff has also filed motions for a temporary restraining order and preliminary injunction, [Dkt. # 3], and for alternate service [Dkt. #5]. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee [Dkt. # 4]. *See* 28 U.S.C. § 1915(a).

The basis of Plaintiff's complaint and amended complaint [Dkt. # 7] hinges upon his assertion that he is not a member of the "People of the State of Michigan," but rather he is "an inhabitant of the Michigan Territory." (Am. Comp., pg. 19). Therefore, it is his position that he should not be subject to the mandates of any Michigan statutory or constitutional laws, including municipal ordinances, codes, rules or other forms of governance. Plaintiff

further claims that since he did not sign any contracts agreeing to abide by any Michigan rules of law, his incarceration and the confiscation of any of his property (including DNA evidence) has resulted in an unjust deprivation of his liberty rights and a wrongful taking of his property. Defendant is, therefore, indebted to Plaintiff and must abide by the terms of the "commercial security / hold harmless indemnity agreement." (Comp., pp. 2, 8 and Ex. 1). Accordingly, Plaintiff is requesting compensatory damages in the amount of thirty-three million dollars and punitive damages in the amount of five hundred million dollars.

Furthermore, Plaintiff requests that the criminal state court judgments be vacated and that he be released. Finally, Plaintiff asserts that any property that was confiscated and/or taken without his permission be returned.

For the reasons stated below, the Court will dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted. As a result of the dismissal of this action, Plaintiff's motions for a temporary restraining order, preliminary injunction, and for alternate service are denied as moot.

## I. DISCUSSION

In order to state a claim under 42 U.S.C. §1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitutional or laws or he United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a §1983 claim will not lie. *Hakken v. Washtenaw County,* 901 F.Supp. 1245, 1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis,* 860 F.Supp. 391. 392 (E.D. Mich. 1994).

Pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien,* 974 F.Supp. 635, 636 (E.D. Mich. 1997). Plaintiff has filed a rambling and incoherent combination civil rights and habeas corpus pleading. He claims: (1) this Court lacks subject matter jurisdiction; (2) his prison conditions and confinement are illegal; (3) wrongful interference with maritime activity and contractual relationship; (4) fraud by the state courts; (5) false imprisonment; (6) conspiracy; (7) extortion; (8) fraudulent conversion; (9) malicious prosecution; (10) assault; and (11) intimidation.

The Complaint is subject to dismissal for three reasons. First, Plaintiff may not maintain a §1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and congress has not expressly abrogated Eleventh Amendment immunity by statute. See *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-101 (1984); see also *O'Hara v. Wigginton,* 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan,* 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan,* 803 F.2d 874, 877 (6th Cir. 1986). Since the State of Michigan must be dismissed from this action; and it is the only named party Defendant, Plaintiff's entire case must be dismissed.

3

Second, Plaintiff has failed to allege any facts which demonstrates any individual's personal involvement or responsibility in the alleged constitutional violations. In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under §1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996); see also, *Johnson v. Freeburn,* 29 F.Supp.2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. See *Hall v. United States,* 704 F.2d 246, 251 (6th Cir. 1983).

Since Plaintiff has failed to make the proper allegations and attribute them to designated and identifiable individuals, the Complaint is therefore subject to summary dismissal pursuant to §1915(e)(2)(B). See *Asberry v, Bisig,* 70 Fed. Appx. 247, 248-49 (6th Cir. 2003). Stated differently, Plaintiff's Complaint is subject to dismissal because Plaintiff has failed to name any defendants with any degree of specificity as those defendants who were personally involved in, or responsible for, each of the alleged violations of his federal rights. See *Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002); see also *Branham v. Jabe*, 853 F. 2d 926 (Table), 1988 WL 81713, * 1 (6th Cir. August 5, 1988) (district court properly granted summary judgment where prisoner in civil rights case failed to allege any personal involvement on the part of the defendants in the events complained of). Accordingly, the Court will dismiss Plaintiff's Complaint pursuant to § 1915(e)(2)(B)[1].

---

[1] The Court notes that Plaintiff has previously filed two civil rights complaints in this court, both of which that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted. *See Harris v. Michigan Department of Corrections, et. al.,* 08-CV-13383 (E.D. Mich. Oct. 21, 2008); *Harris v. G. Robert Cotton Correctional Facility, et. al.,* 09-CV-11006 (E.D. Mich. March 27, 2009). Accordingly, Plaintiff is put on notice that this dismissal constitutes his "third strike" under the

Finally, the pending complaint is frivolous and fails to state a claim because Plaintiff is challenging his state conviction. An attack on the fact or duration of confinement is more appropriate in a habeas corpus petition, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & 499 n. 14 (1973). Plaintiff has no right to habeas relief in a civil rights action unless the order or judgment holding him in custody has been invalidated by state officials or impugned in a federal habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck* the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. See also *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

---

provisions of 28 U.S.C. § 1915(g), which prevents a prisoner who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Hurley v.Buentello,* 64 Fed. Appx. 418 (5th Cir. 2003); *Boles v. Matthews,* 173 F.3d 854 (Table), 1999 WL 183472 (6th Cir. March 15, 1999).

Plaintiff has not shown that the judgment holding him in custody has been invalidated by state officials or impugned on federal habeas corpus review, and success in this action would demonstrate the invalidity of his confinement. Therefore, he has no right to the relief he seeks.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is dismissed with prejudice (1) for failure to state a claim upon which relief could be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and (2) as barred by the Eleventh Amendment.

**IT IS FURTHER ORDERED** that any appeal by Plaintiff would be frivolous and not in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS FURTHER ORDERED** that Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction [Dkt. #3] are **DENIED** as **MOOT**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Alternative Service [Dkt. # 5] is **DENIED** as **MOOT**.

**IT IS SO ORDERED**.

          S/Arthur J. Tarnow
          Arthur J. Tarnow
          United States District Judge

Dated: August 24, 2009

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on August 24, 2009, by electronic and/or ordinary mail.

          S/Catherine A. Pickles
          Judicial Secretary